# IN THE COURT OF APPEALS OF IOWA

No. 22-0217
Filed September 21, 2022

**ALEXIS FICEK,**
        Petitioner-Appellee,

**vs.**

**RONALD MORGAN, III,**
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Celene Gogerty, Judge.


        A father appeals the district court's disposition of his petition to modify visitation, custody, and child support. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.**


        Alexis Ficek, Pleasant Hill, self-represented appellee.

        Kate Simon of Cordell Law, L.L.P., Des Moines, and Ronald Rieper, Des Moines, for appellant.


        Considered by Ahlers, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Ronald (Ronnie) Morgan appeals the district court's disposition of his petition to modify visitation, custody, and child support for two minor children, A.M. and E.M. The court declined to modify the most recent order between Ronnie and the children's mother, Alexis Ficek, except that it removed the supervision requirement for Ronnie's visitation. Upon our de novo review, we affirm the district court's ruling as to legal custody and child support, but reverse and remand with instructions relative to the issue of visitation.

## I. Background Facts and Proceedings.

Ronnie and Alexis were never married but have two minor children together, A.M., born in 2011, and E.M., born in 2013. In 2015, the court entered a decree establishing paternity, child custody, visitation, and support. Ronnie and Alexis were awarded joint legal custody. Alexis was awarded physical care subject to Ronnie's scheduled visitation, which included alternating weekends and overnights during the week. The court ordered Ronnie to pay $667.92 per month in child support and provide health insurance for the children.

Ronnie began using opiates in approximately 2017 and later developed an addiction to heroin. He entered an in-patient treatment facility in early 2019, but upon his departure, Ronnie relapsed and overdosed while the children were in his care. The children found him unresponsive and called a grandparent for assistance. Ronnie re-entered in-patient treatment in July and eventually transitioned to a sober living house from August into October. Ronnie relapsed upon his release but maintains he has remained sober since October 27, 2019 and no longer requires any form of treatment.

After Ronnie's overdose in the children's presence, Alexis filed an application for modification of the court's 2015 decree. Ronnie did not participate in the modification case, and the court entered a default judgment in November 2019. The court awarded sole legal custody to Alexis and left Ronnie's visitation rights up to Alexis's discretion—with visitation to occur as deemed to be in the best interests of the children and under the supervision of Alexis, a professional supervisor, or a third party chosen by Alexis.

Since then, Alexis and Ronnie's co-parenting relationship has remained rocky. As the district court noted, "they bicker inappropriately when discussing the children" and "clearly do not agree on many issues." Ronnie faults Alexis for, among other things, not being more liberal with his visitation, limiting his phone communication with the children, and over-enrolling the children in extracurricular activities—particularly during the time they have agreed to set aside for his visitation.[1] Alexis likewise faults Ronnie for a number of issues, including inconsistent and cancelled visits, lack of attendance at therapy sessions, and "hostile" communication.

At the same time, Ronnie has started down a better path in many ways. He provided five clean drug tests in the two years between the default modification order and the modification trial presently under review. Although Ronnie struggled to work and fell behind in child support during the height of his addiction, he has maintained steady employment since April 2021. He is married, and his wife's

---

[1] The parties have engaged in mediation on at least two occasions. Most recently, they agreed in May 2021 that Ronnie shall have parenting time with the children every Saturday from 10:00 A.M. until 7:00 P.M.

three children reside in their home part-time. Ronnie is afforded regular, unsupervised, and overnight visitation with his eldest child, R.M., born out of a different relationship in 2008.

In December 2020, Ronnie filed a petition for modification, alleging a substantial change in circumstances since the default order. After a bench trial in November 2021, the court ordered the modified paternity order from 2019 to remain in full force and effect, except that the provision requiring supervision of Ronnie's visitation be deleted. Ronnie filed a timely appeal.

## II. Review.

Our review of custody proceedings for a child born out of wedlock is de novo. *Lambert v. Everist*, 418 N.W.2d 40, 42 (Iowa 1988). We give weight to the district court's factual findings and credibility determinations, though we are not bound by them. *Id.*; Iowa R. App. P. 6.907. "Prior cases have little precedential value, except to provide a framework for analysis, and we must base our decision on the particular facts and circumstances before us." *In re Marriage of Will*, 489 N.W.2d 394, 397 (Iowa 1992).

## III. Discussion.

### A. Change in Circumstances and Best Interests of the Children.

Ronnie alleges the district court erred in finding that he did not establish a substantial change in circumstances. He also maintains the court's disposition was not in the children's best interests. As the party seeking modification, Ronnie "must establish by a preponderance of evidence that there has been a material change in circumstances since the decree and that the requested change in visitation is in the best interests of the children." *Christy v. Lenz*, 878 N.W.2d 461,

464 (Iowa Ct. App. 2016) (citation omitted). "'[A] much less extensive change in circumstances is generally required in visitation cases' than the change necessary to modify child custody.'"[2]  *Id.* (alteration in original) (citation omitted).  "The rationale for this lower standard is found in the prevailing principle that the best interests of children are ordinarily fostered by a continuing association with the noncustodial parent." *Id.* (citation omitted).

While the district court found Ronnie did not satisfy the higher standard necessary to modify custody, we note the court implicitly found there was at least a material change in circumstances in relation to Ronnie's abstinence from illegal drugs, which was sufficient to support removing the supervision requirement from his visitation.  However, the court concluded that a structured visitation schedule was not yet in the children's best interests because Ronnie "does not appreciate the gravity of his addiction" and "also does not appreciate the destructive impact of his addictions on his children and Alexis."  The children's therapist noted that "Dad's lack of consistency of involvement in their lives" has provided the children with additional trauma.  Ronnie does not accept any fault for this harm despite numerous cancelled visits with the children.  He admits his lack of attendance at some visits and therapy sessions occurred because he lost his license after a 2019 conviction for operating while intoxicated and also because he was between jobs.  He also admits to still consuming alcohol.

---

[2] To modify child custody, the party seeking modification must establish a material and substantial change in circumstances that is relatively permanent and was not originally contemplated by the court.  *Thorpe v. Hostetler*, 949 N.W.2d 1, 5 (Iowa Ct. App. 2020).

In light of the trauma the children have experienced in their relationship with Ronnie, the district court found a slow and unstructured approach to increased visitation to be consistent with their best interests, leaving decisions concerning the progression of visitation in the hands of Alexis. While we agree that a slow approach to increased visitation is consistent with the children's best interests here, our cases do not support

> the right of visitation [to be] contingent upon an invitation from the party having custody of the child, or require the consent of one parent for the other to visit the child, . . . thereby leaving the privilege of visitation entirely to the discretion of the party having the child in custody.

*Smith v. Smith*, 142 N.W.2d 421, 425 (Iowa 1966) (alteration in original) (citation omitted); *see also In re Marriage of Retterath*, No. 14–1701, 2015 WL 6509105, at *4 (Iowa Ct. App. Oct. 28, 2015); *Thompson v. Fowler*, No. 17-0284, 2017 WL 6513973, at *3 (Iowa Ct. App. Dec. 20, 2017); *In re Marriage of Kanetomo*, No. 19-2008, 2020 WL 5650593, at *4 (Iowa Ct. App. Sept. 23, 2020). As such, we cannot concur in the district court's approach. While we do find the court acted equitably in modifying visitation to remove the supervision requirement, we remand to the district court to set a gradual visitation schedule for Ronnie that progresses, over a period of no more than six months, to every other weekend from Friday at 5:00 P.M. until Sunday at 5:00 P.M., as well as additional visitation on a weekday or worknight, the details of which shall be set by the district court upon consideration of the children's best interests.

### B. Legal Custody.

Ronnie alleges the district court erred in denying his request to modify legal custody. This determination requires a higher standard than that necessary to modify visitation. *See Christy*, 878 N.W.2d at 464. To modify a custodial provision,

> the applying party must establish by a preponderance of evidence that conditions since the decree was entered have so materially and substantially changed that the children's best interests make it expedient to make the requested change. The changed circumstances must not have been contemplated by the court when the decree was entered, and they must be more or less permanent, not temporary. They must relate to the welfare of the children.

*Thorpe*, 949 N.W.2d at 5. As explained above, the district court found Ronnie failed to demonstrate a substantial, permanent change in circumstances. The court's ruling stated:

> Although the court is hopeful that Ronnie has gotten past the worst of his addiction, it does not bode well when he minimizes the struggles he faces with substance abuse. . . . It will take time and patience for Ronnie to rebuild trust with his children and Alexis, neither of which he has demonstrated. He thinks of himself first and the best interests of his children second.

We agree with the district court's concerns regarding the substantial and lasting nature of Ronnie's progress. Therefore, we affirm the court's refusal to modify legal custody.

### C. Modification of Child Support.

Ronnie does not dispute the district court's calculation of child support, which arrived at a figure within ten percent of the amount originally ordered in 2015.[3] Rather, he argues the district court should have considered deviating from

---

[3] Modification of child support orders is permitted "when there is a substantial change in circumstances," which exists when the result varies by ten percent or

the child support guidelines to do justice between the parties. He claims his obligation is not sustainable and leaves him vulnerable to non-compliance because he is unable to cover monthly expenses or catch up on his arrears to Alexis, which total over $17,000. However, we find it was not an abuse of discretion for the court to refuse to vary from the child support guidelines in this instance. *See In re Marriage of Hoksbergen*, 587 N.W.2d 490, 492 (Iowa Ct. App. 1998) (setting forth the standard of review). Iowa Court Rule 9.11 permits variance from the guidelines when the court makes a written finding that their application "would be unjust or inappropriate." We do not find such an injustice based upon our review of the record. Ronnie's child support obligations will continue in the amount originally ordered.

### IV. Disposition.

We find the district court acted equitably and consistently with the children's best interests by refusing to confer legal custody or decrease child support for Ronnie. On those issues we affirm. However, we remand to the district court to set a visitation schedule consistent with this opinion.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.**

---

more. *See* Iowa Code § 598.21C(1), (2)(a). Therefore, the court did not disturb Ronnie's monthly obligation.